IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JEFFREY EDWARD OWNBY,**

    Defendant.

**Case No. 1:15-cr-00327-MC**

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Jeffrey Edward Ownby moves for compassionate release because of the rapidly evolving COVID-19 pandemic. Because Mr. Ownby remains a danger to the community, Mr. Ownby's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 65, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Ownby's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Ownby is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

Mr. Ownby is serving a 198-month sentence, with more than eight years remaining on his sentence. Gov.'s Resp. 1, 4, ECF No. 67. Mr. Ownby is serving his prison term in FCI Lompoc, which at one point had the highest rate of COVID-19 infection of any Bureau of Prison facility in the United States. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. That said, FCI Lompoc currently has no active inmate infections and has vaccinated over 240 inmates. *Id.* (last visited Mar. 26, 2021). In May 2020, Mr. Ownby contracted COVID-19, but has since recovered. Mot. to Reduce Sent. 1–2, ECF No. 65. Mr. Ownby is also only 34 years old and suffers from multiple health concerns, including chronic bronchitis, high blood pressure, and a history of smoking. Because of the ongoing COVID-19

pandemic and Mr. Ownby's underlying health conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Ownby has met the extraordinary and compelling reasons criteria, the seriousness of Mr. Ownby's convictions are such that he cannot demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

While the Court acknowledges that Mr. Ownby had taken responsibility for his actions and that he has done very well in custody, Mr. Ownby's current sentence stems from three separate robberies he committed. Presentence Investigation Report ("PSR") ¶¶ 17–20, ECF No. 53. Each robbery involved him brandishing a firearm, which progressed from a handgun to a sawed-off shotgun. PSR ¶¶ 17–20. And when executing a search warrant on Mr. Ownby's residence, police discovered "two Molotov Cocktails (two water bottles filled with gasoline flares zip tied to the bottles)." PSR ¶ 20 Mr. Ownby also still has eight years left on his sentence. While the Court commends Mr. Ownby for his performance while incarcerated, including completion of drug education, the Court cannot ignore the violent nature of Mr. Ownby's offense. And while the Court is sympathetic to the fact that the pandemic has created a remarkably different sentence than that

contemplated by the Court at the time it was imposed, compassionate release is not the mechanism for completely ameliorating that fact. The Court thus agrees with the Government that "this is not one of the rare cases where compassionate release is warranted." Gov.'s Resp. 4 (citing *United States v. Mangarella*, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020)).

Because of his criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Ownby.

## CONCLUSION

Mr. Ownby's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 65, is DENIED.

IT IS SO ORDERED.

DATED this 29th day of March, 2021.

        _s/Michael J. McShane_____
        Michael J. McShane
        United States District Judge